**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALI JABER,

       Petitioner,

v.                                   Case No. 05-CV-71429-DT

PHILIP WRONA,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S "MOTION TO TRANSFER CASE TO SIXTH CIRCUIT COURT OF APPEALS"**

Before the court is Respondent's "Motion to Transfer Case . . ." [Dkt. # 6], filed on May 19, 2005. For the reasons set forth below, the court will grant Respondent's motion.

On May 11, 2005, the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106, 119 Stat. 231, was enacted. Pursuant to the Act:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106, 119 Stat. 231 (2005).

In his April 12, 2005 "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (With Request for Emergency Temporary Restraining

Order)" brought under 28 U.S.C. § 2241, Petitioner challenges a final administrative order of deportation and is thus precluded by the REAL ID Act from bringing suit in a district court.  *Id.*; Pet'r's Pet. at ¶ 2.  The Act designates the appropriate court of appeals as the "sole and exclusive means for judicial review of an order of removal." REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106, 119 Stat. 231.  "For purposes of [the] Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28. . . ."  *Id.*  The Act specifically states that cases pending before a district court on the date of the Act's enactment shall also be transferred to an appropriate court of appeals.  *Id.*, *See also Campos-Javier v. Ashcroft,* No. 04-908, 2005 WL 1330922, at *1 (S.D.N.Y. 2005) (transferring to the First Circuit a petition for a writ of habeas corpus challenging an order of deportation in light of the Act).

For the reasons stated above, this court does not have jurisdiction over this matter and Petitioner's petition for writ of habeas corpus [Dkt. # 6] is TRANSFERRED to the Sixth Circuit Court of Appeals.

IT IS SO ORDERED.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record

2

on this date, June 30, 2005, by electronic and/or ordinary mail.

                                                S/Lisa G. Teets
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522